UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DWAIN THOMAS VAUGHN, )
)
    Petitioner, )
)
v. ) Cause No. 1:14 CV 92 RWS
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

# **MEMORANDUM AND ORDER**

This matter is before me on Petitioner Dwain Vaughn's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons set forth below, the motion will be denied.

On June 27, 2006, Vaughn pleaded guilty to all three counts of a three-count indictment charging him as felon in possession of a firearm in violation of 28 U.S.C. §§ 922(g)(1); possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1); and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

Vaughn's maximum term of imprisonment for the firearms possession count, Count I, was 120 months. The maximum term of imprisonment for the cocaine base count, Count II, was 240 months. The maximum term of imprisonment for the

marijuana count, Count III, was 120 months. Pursuant to Section 3D1.2 of the United States Sentencing Guidelines, Counts I, II, and III were grouped together for guideline calculation purposes. The count with the highest offense level, Count I, was used to calculate the offense level. The total offense level was calculated to be 27. However, because Vaughn had two prior convictions for crimes of violence and a controlled substance offense, Vaughn was classified as a career offender pursuant to Section 4B1.1 resulting in a base offense level of 32. Vaughn's final total offense level was calculated to be 29.

Vaughn had several felony and misdemeanor convictions which resulted in twelve criminal history points. Normally that would result in a criminal history class of V, but because Vaughn was classified a career offender, his criminal history category was set at VI. The guidelines range for a total offense level of 29 and a criminal history category of VI was 151 to 188 months. I sentenced Vaughn to 120 months on Count I, 151 months on Count II, and 60 months on Count III, all to be served concurrently.

Vaughn appealed his sentence to the United States Court of Appeals for the Eighth Circuit. That court affirmed Vaughn's sentence and issued its mandate on June 12, 2008. Vaughn's request for a writ of certiorari was denied by the United States Supreme Court on January 21, 2009.

Vaughn filed his present motion to vacate his sentence under 28 U.S.C. § 2255 on June 20, 2014. Vaughn's post-conviction motion had to be filed within one year from the date that his judgment became final. 28 U.S.C. § 2255(f)(1). Vaughn's motion to vacate, filed on June 20, 2014, is untimely in relation to when his conviction became final. However, Vaughn asserts that his motion is timely based on the United States Supreme Court's decision in <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013) issued on June 20, 2013. Title 28 U.S.C. § 2255(f)(3) provides that a motion to vacate may be filed within a year of the date that the right asserted as the basis for relief was recognized by the United States Supreme Court and made retroactive to all cases on collateral review. Vaughn asserts that the holding in <u>Descamps</u> requires that his sentence be vacated and that he be sentenced without being classified as a career offender.

The decision in <u>Descamps</u> addressed how prior convictions should be analyzed for sentencing enhancements. Whether a categorical or a modified categorical approach is used depends on whether the statute at issue is divisible or indivisible. Vaughn asserts that applying the <u>Descamps</u> ruling to his case would establish that his prior felony convictions for theft of a vehicle and for aggravated battery did not establish his status as a career offender.

Vaughn's argument fails because <u>Descamps</u> has never been made retroactive

to cases on collateral review. See Groves v. United States, 755 F.3d 588 (7th Cir. 2014); King v. United States, 610 Fed. Appx. 825 (11th Cir. 2015); Simpson v. United States, 2015 W.L. 667974 (E.D. Mo., Feb. 17, 2015). As a result, all of the grounds for relief which Vaughn asserts in his motion to vacate fail and his § 2255 motion was not timely under § 2255(f)(3).

Moreover, Vaughn is not entitled to § 2255 relief for an additional reason. Vaughn's felony conviction for aggravated battery was clearly a crime of violence. Likewise, at the time Vaughn was sentenced, Vaughn's conviction for felony vehicle theft was automatically deemed a crime of violence in the Eighth Circuit. See United States v. Sprouse, 394 F.3d 578 581 (8th Cir. 2005). However, that decision was altered by the Eighth Circuit in United States v, Williams, 537 F.3d 969, 976-977 (8th Cir. 2008). Some forms of theft of a vehicle including auto theft by deception, auto theft without consent, and auto tampering are no longer deemed to be crimes of violence for purposes of determining career offender status. Respondent asserts in its response to Vaughn's motion to vacate that, as a result of the decision in Williams, if Vaughn was resentenced today, his conviction for theft of a vehicle would not be a crime of violence and he would not be classified as a career offender.

Despite that change, Vaughn's motion to vacate must fail because a collateral

attack on the application of career offender guidelines is not cognizable under § 2255. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). In the present case, as in Sun Bear, Vaughn's sentence was within the maximum statutory maximum range set by statute. The holding in Sun Bear that a career offender designation is not a cognizable claim in a § 2255 motion was reaffirmed by the Eighth Circuit in Merovitz v. United States, 688 F.3d 369 (8th Cir. 2012). As a result, Vaughn's motion to vacate will be denied.

Finally, I decline to grant a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve those issues differently, or the issues deserve further proceedings."). Based on the foregoing, I find that Vaughn did not provide a sufficient basis to conclude that his motion to vacate should be granted. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** Dwain Vaughn's motion's under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [1 and 6] are **DENIED**.

**IT IS FURTHER ORDERED that** Respondent's motion to dismiss

Petitioner Vaugh's motion to vacate [10] is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability because Vaughn has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2015.